Kane, J.
This appeal challenges the allowance of summary judgment for defendants in a suit seeking a real estate commission for the sale of a condominium project. We now examine the pleadings and proofs that were before the motion judge.
This complaint claiming breach of contract and violation of G.Lc. 93A was filed by NWRC I Brokerage, Inc.[2] against Dante Gardens, Inc.[3] and David Elman, its president According to the complaint, New World Realty on June 11,1990 entered into an exclusive listing agreement for 180 days with the defendants for the sale of an Attleboro condominium project Attached to the complaint was the listing agreement which providedfora4%commissionforasale brokered by New World Realty orwhere “the property is sold during the existence of this contract by the undersigned [Dante Gardens, Inc.] or any other person at any price acceptable to the undersigned.”
The top of this one page agreement listed as “owner” — “Dante Gardens, Inc.” and as “agent” — “David Elman.” The bottom of the agreement has spaces for the signature of “owner” or “owner by”; David Elman’s signature appears in the owner by space. In the body of this agreement there is language indicating that the signatory is either the owner or the duly authorized agent of the owner.
According to the complaint, the property was sold on August 8,1990 to Southern Provinces, Inc.[4] for $4,000,000. The complaint further states that no commission was paid to New World Realty.
Both parties’ summary judgment motions were considered in light of the parties agreement that the case raised no issues of fact but only questions of law, namely whether a sale had taken place and whether David Elman individually was a party to the agreement As developed by the lawyers’ arguments, the court was asked to determine if as a matter of law a deed of August 8, 1990 from Dante Gardens to Southern Provinces was a sale or a deed in lieu of foreclosure and whether David Elman in signing the exclusive listing agreement was acting as a individual or as an agent of Dante Gardens.
On the sale question, there lay before the judge: the exclusive listing agreement; an affidavit of Mr. Elman; an August 8,1990 agreement involving Dante Gardens, David Elman, and Southstate Bank, the mortgagee of the condominium project; and an August 8 deed from Dante Gardens to Southern Provinces. Southern Provinces, *134 according to these proofs, is a subsidiary of Southstate Bank the principal in a consortium of banks that had in 1988 executed a $6,000,000 construction loan to Dante Gardens and David Elman. This construction loan due to the borrowers’ defaults was restructured on May 1; 1989 by incorporation of personal guaranties of Mr. and Mrs. Elman and a series of security interests including second mortgages. Continuing to be in default, Dante Gardens by the August 8,1990 agreement again restructured its indebtedness. By this three page agreement, Dante Gardens’ position on the note continued while guarantees of Mr. and Mrs. Elman and other security interests were released by the Bank in return for certain acts and conveyances including conveyance of the Maynard Street condominium project.[5] Conveyance by Dante Gardens of the Maynard Street property to Southern Provinces was executed that day (August 8) by a quitclaim deed conveying “all of [Dante Gardens’] rights” in the property to Southern Provinces.
We now consider whether this quitclaim deed represented a sale for purposes of the exclusive listing agreement. “The word ‘sale’ has a well defined meaning. It is the transfer of property from one person to another for consideration of value. The word implies ordinarily the passing from seller to buyer of the general and absolute title to property as distinguished from a special interest, a bailment, a license, a pawn or other limitedrightfalling shortofcompleteownership.” Arnold v. North American Chemical Co., 232 Mass. 196, 199 (1919).
This definition of a sale, meaning an absolute property transfer involving consideration, is met by the August 8 transaction. The requirement of an absolute transfer is satisfied as Dante Gardens by the August 8 deed conveyed “all of its rights” in the condominium project to Southern Provinces. Secondly, this conveyance was notagift but an act in “exchange” (consideration) for the Bank release of security interests.
Defendant seeks to remove this conveyance from the definition of a sale by labeling the transaction a deed in lieu of foreclosure. However, this deed and its ancillary agreement contain no language describing the conveyance as a deed in lieu of foreclosure, and furthermore the nature of this conveyance conflicts with the definition of a deed in lieu of foreclosure. See Investors Diversified Services Inc. v. Reconstruction Finance Corporation, 153 F. Supp. 595, 598 (D. Mass. 1957). While a deed in lieu of foreclosure would extinguish the underlying debt, this conveyance expressly retained Dante Gardens’ debt to the bank. See Id. at 598.[6]
We now turn to the question of Mr. Elman’s individual liability. This exclusive agreement at the top and bottom (owner by) clearly indicated Mr. Elman’s representative capacity. Thus any personal capacity argument referencing G.Lc. 106, §3-403 or cases interpreting that section finds no foothold in this case which consistently evidenced Mr. Elman’s representative capacity. Compare Seronick v. Levy, et al., 26 Mass. App. Ct. 367 (1988).
Summary judgment on Count One for the defendant Elman is affirmed. Summary judgment for Dante Gardens, Inc. on Count One is reversed and judgment is to enter for N.W.R.C. Brokerage, Inc. in the amount of $160,000 plus interest and costs.

 NWRC I Brokerage, Inc. is hereinafter referred to as New World Realty.

 Dante Gardens, Inc. is hereinafter referred to as Dante Gardens.

 Southern Provinces, Inc. is hereinafter referred to as Southern Provinces.

 According to Mr. Elman’s affidavit, the $4,000,000 price was only a paper figure intended to serve technical requirements.

 According to Mr. Elman’s affidavit “the property was conveyed to Southern Provinces, Inc. subject to the six million dollar Mortgage.”